**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

LINDA KAY ALEXANDER                                                    PLAINTIFF

4:25-cv-01274-KGB-JJV

FRANK BISIGNANO,
Commissioner,
Social Security Administration,                                       DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to Chief United States District Judge Kristine G. Baker.   The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection.   The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations.   A copy must be served on the opposing party.   The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Linda Kay Alexander, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits.   Both parties have submitted briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error.   *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see*

*also* 42 U.S.C. §§ 405(g), 1383(c)(3).   Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.   *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision.   *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).   After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and recommend the Complaint be DISMISSED.

Plaintiff is sixty-four years old.   (Tr. 180.)   She has a high school education, (Tr. 212), and past relevant work as a correspondence clerk.   (Tr. 23.)

The ALJ[1] found Ms. Alexander had not engaged in substantial gainful activity since March 2, 2022 - the alleged onset date.   (Tr. 17.)   She has "severe" impairments in the form of "coronary artery disease statuspost 4x bypass grafting, peripheral artery disease, congestive heart failure, cardiomyopathy, degenerative disc disease and stenosis of the cervical and lumbar spine, and obesity."   (*Id*.)   The ALJ further found Ms. Alexander did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404,

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.   20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

Subpart P, Appendix 1.[2]  (Tr. 18-19.)

The ALJ determined Ms. Alexander had the residual functional capacity (RFC) to perform a reduced range of sedentary work given her physical impairments.  (Tr. 19.)  Given this RFC assessment, the ALJ utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite her impairments.   Based in part on the testimony of the vocational expert, (Tr. 42-55), the ALJ determined she could perform her past work as a correspondence clerk.  (Tr. 23-25.)   Accordingly, the ALJ determined Ms. Alexander was not disabled.   (*Id*.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner.   (Tr. 1-5.)   Plaintiff filed the instant Complaint initiating this appeal.   (Doc. No. 1.)

In support of her Complaint, Plaintiff argues that the ALJ failed to fully consider her subjective allegations – especially with regard to fatigue.  (Doc. No. 8 at 9-15.)   The ALJ analyzed Ms. Alexander's symptoms considering Social Security Ruling 16-3p.  (Tr. 19.)   That ruling fairly tracks *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984), which states:

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints.   The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
> 1.   the claimant's daily activities;
>
> 2.   the duration, frequency and intensity of the pain;
>
> 3.   precipitating and aggravating factors;
>
> 4.   dosage, effectiveness and side effects of medication;

---

[2]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

5.  functional restrictions.

The adjudicator is not free to accept or reject the claimant's subjective complaints solely on the basis of personal observations.  Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Polaski v. Heckler*, 739 F.2d at 1322 (emphasis in original).

After close review, I find the ALJ fairly evaluated Ms. Alexander's subjective complaints. The ALJ fully considered all the evidence presented.  As the ALJ explained, Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision."  (Tr. 20.)

The Commissioner correctly responds, "A claimant's statements about her symptoms cannot alone establish disability. 20 C.F.R. § 404.1529(a); SSR 16-3p."  (Doc. No. 10 at 4.)  I recognize that Plaintiff understands this as she supplements this argument with a comprehensive review of her cardiac issues.   But I agree with the Commissioner that most telling of her ability to perform work activities is found in the consultative examination by Ethan Chandler, M.D.   (Tr. 1032-1034.)   Dr. Chandler provided a very detailed report of his examination and clearly, he believes Plaintiff is capable of performing sedentary work.   (Tr. 1034.)

About Dr. Chandler, the ALJ said:

On January 14, 2023, Dr. Ethan Chandler completed a medical source statement on behalf of the claimant. Dr. Chandler stated she cannot lift over 20 pounds due to lumbar spine and cervical spine pain and limited range of motion. He also limited her ability to lift overhead to these issues as well. He noted she was able to sit/stand/walk/hold conversation respond appropriately to questions, carry out tasks, and remember without limitation (11F/4). This is no more restrictive residual functional capacity than found above (sedentary exertional range), but the undersigned limited her to occasional overhead reaching and did not limit her to no overhead reaching because the restriction from Dr. Chandler did not say "no" lifting overhead, just limited. There was no indication during the physical examination her inability to lift her left shoulder would be durational because there was no

4

underlying cause for this and no treatment in the record for a shoulder impairment. At that consultative examination, the claimant denied shoulder or neck pain (11F/3). The undersigned also did not give a limitation for reduced rotation of her neck to the left even though the examination showed reduced range of motion of neck to left. There was no muscle weakness noted, no deformities, no edema in any extremities, and no longitudinal significant treatment for cervical issues. Additionally, Dr. Chandler did not give any restrictions for turning her head. The May 25, 2022, cardiology visit gave no diagnoses for shoulder or cervical impairments and the physical examination showed full range of motion in the upper and lower extremities (6F/7). May 23, 2024, and June 12, 2024, physical examinations showed overall musculoskeletal system findings to be normal, bilaterally (21F/7; 22F/3). On her Pain Questionnaire from June 6, 2022, the claimant rated her lower back, knee, left shoulder pain as only mild to moderate, and she stated her left shoulder hurts when reaching or laying on it. She also reports her pain does not affect her ability to think and concentrate (4E/2). Dr. Chandler does not provide functional limitations other than limiting lifting and carry objects above 20 pounds and limited to lifting objects above her head, with which the established residual functional capacity is consistent. He opines she is able to sit, walk and stand without limitation. However, viewing the combination of her impairments and symptoms, the undersigned has further limited the claimant to sedentary exertional work with additional postural limitation for no climbing ladders, ropes or scaffolds, occasional climbing of stairs and ramps and occasional bilateral overhead reaching with unlimited reaching in all other directions, which is consistent with the clinical findings, imaging reports and her activities of daily living.

(Tr. 22-23.)

Based on the above, I find the ALJ fully considered Dr. Chandler's evaluation and provided a very thorough and thoughtful analysis of his report.  I recognize Ms. Alexander has limitations. However, being mindful of the "substantial evidence" test in these cases, the ALJ's decision is well supported.  Accordingly, I find no basis to overturn this matter because of the ALJ's subjective symptom evaluation or residual functional capacity assessment.

I have also considered Plaintiff's argument regarding the ALJ finding the State Agency doctors' opinions to be "persuasive in determining the claimant's functional abilities" (Tr. 22) when those assessments are inconsistent.  (Doc. No. 8 at 16-20.)  Plaintiff says, "ALJ found the opinion of the non-examining state agency medical consultant 'persuasive', yet omitted from the

RFC the opined limitation of one- or two-step tasks and instructions, without explaining why). The ALJ's failure to explain why certain postural limitations were not accounted for in the RFC assessment constitutes error." (*Id.* at 20.)

This argument centers around the fact that Ramona Bates, M.D., concluded that Plaintiff had postural limitations upon climbing ramps/stairs, ropes/scaffolds, balancing, stooping, kneeling, crouching, and crawling, (Tr. 62), but Kristin Jarrard, M.D. noted no postural limitations. (Tr. 71.) But, as the Commissioner aptly responds, the job of correspondence clerk "does not involve postural activities." (Doc. No. 10 at 9.) So, I find this argument to be without merit.

Plaintiff clearly suffers from some degree of limitation. And her counsel has done an admirable job advocating for her rights in this case. However, the objective medical records simply fail to support a claim of *complete disability*.

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382(a)(3)(A). A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

It is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of

the hearing, and the medical and other evidence.    There is ample evidence on the record as a whole

that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this

case.  *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372

F.3d 946, 950 (8th Cir. 2004).   The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be

affirmed and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 24th day of June 2026.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE